IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HF Sinclair Refining & Marketing LLC (f/k/a HollyFrontier Refining & Marketing LLC),<br><br>*Plaintiff/Counterclaim Defendant*,<br><br>v.<br><br>NextEra Energy Marketing, LLC,<br><br>*Defendant/Counterclaim Plaintiff*. | Civil Action No. 3:23-cv-1798 |

**DEFENDANT/COUNTERCLAIM PLAINTIFF'S AMENDED NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant/Counterclaim Plaintiff NextEra Energy Marketing, LLC ("NextEra" or "NEM" or "Defendant/Counterclaim Plaintiff") gives notice of removal of the action captioned *HF Sinclair Refining & Marketing LLC v. NextEra Energy Marketing, LLC*, Cause No. DC-23-09330, pending in the 95th Judicial District Court in Dallas County, Texas, to the United States District Court for the Northern District of Texas. Defendant/Counterclaim Plaintiff states the following grounds for removal.

### Background

1. Plaintiff/Counterclaim Defendant HF Sinclair Refining & Marketing LLC ("HF Sinclair" or "Plaintiff/Counterclaim Defendant") commenced this action by filing a petition in the Dallas County District Court on July 10, 2023. NextEra was served with a copy of the petition on July 27, 2023. A copy of all process, pleadings, and other documents served on Defendant/Counterclaim Plaintiff is attached as **Exhibit A**.

2. Plaintiff/Counterclaim Defendant asserts claims relating to the alleged failure of NextEra to deliver certain volumes of natural gas to HF Sinclair during Winter Storm Uri in February 2021. On the basis of these allegations, Plaintiff/Counterclaim Defendant asserts a claim for breach of contract against Defendant/Counterclaim Plaintiff. Pet. ¶¶ 19-24. Plaintiff/Counterclaim Defendant seeks monetary relief totaling $14,969,242.42. *Id.* ¶ 24.

3. Defendant/Counterclaim Plaintiff's time to respond to the petition has not elapsed.

### Notice is Timely

4. This Notice of Removal is timely because it is being filed within thirty days after Defendant/Counterclaim Plaintiff was served with Plaintiff/Counterclaim Defendant's petition as required by 28 U.S.C. § 1446(b)(1).

### Venue and Jurisdiction

5. Venue is proper in this Court because Plaintiff/Counterclaim Defendant filed his petition in the 95th District Court for Dallas County, Texas, which is located within the Northern District of Texas. *See* 28 U.S.C. §§ 1441(a), 1446(a).

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). *First*, there is complete diversity of citizenship between Plaintiff/Counterclaim Defendant and Defendant/Counterclaim Plaintiff. Plaintiff/Counterclaim Defendant is a Delaware limited liability company with its principal place of business in Dallas, Texas, and is a resident of Texas for diversity purposes. *See* Pet. ¶ 3. Defendant/Counterclaim Plaintiff is a Delaware limited liability company with its principal place of business in Juno Beach, Florida, and is a resident of Florida for diversity purposes. *See id.* ¶ 4. Complete diversity exists in this case because Plaintiff/Counterclaim Defendant is not a citizen of the same state as Defendant/Counterclaim Plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

7. *Second*, the amount in controversy exceeds $75,000, exclusive of interests and costs. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). Plaintiff/Counterclaim Defendant seeks monetary relief over $14,000,000. *Id.* ¶ 24. A plaintiff's pleading for a specific sum made in good faith is deemed the amount in controversy. 28 U.S.C. § 1446(c)(2).

## LLC Membership

8. Defendant/Counterclaim Plaintiff NextEra Energy Marketing, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Florida. NEM's sole member is NextEra Energy Resources, LLC ("NEER"), a limited liability company organized under the laws of Delaware with its principal place of business in Florida. NEER's sole member is NextEra Energy Capital Holdings, Inc. ("NEECH"), a Florida corporation with its principal place of business in Florida. NEECH's sole shareholder is NextEra Energy, Inc. ("NEE"), a publicly traded corporation organized under the laws of Florida with its principal place of business in Florida. No other publicly traded corporation owns 10% or more of NEM's capital stock or otherwise has a financial interest in the outcome of this litigation.

9. Plaintiff/Counterclaim Defendant HF Sinclair Refining & Marketing LLC (f/k/a HollyFrontier Refining & Marketing LLC) is a Delaware limited liability company with its principal place of business in Texas. Plaintiff/Counterclaim Defendant is a wholly owned subsidiary of HF Sinclair Corporation, a publicly traded Delaware corporation with its principal place of business in Texas. Upon information and belief following a reasonably diligent search of

court filings and public records, no publicly-held corporation other than HF Sinclair Corporation owns 10% or more of its stock or otherwise has a financial interest in the outcome of this litigation.

## Reservation of Rights

10. By filing this Notice of Removal, Defendant/Counterclaim Plaintiff is not waiving any defense that may be available to it, and reserves all such defenses, including, but not limited to, failure of service of process.

*   *   *

Based on the foregoing, Defendant/Counterclaim Plaintiff removes this action to the United States District Court for the Northern District of Texas and will promptly provide written notice of the removal to Plaintiff/Counterclaim Defendant's counsel and will file a copy of this notice with the Clerk of the Dallas County District Court as required by 28 U.S.C. § 1446(d).

DATED: August 18, 2023

>Respectfully submitted,
>
>/s/   *Christopher Porter*
>
>Christopher D. Porter
>QUINN EMANUEL URQUHART &
>SULLIVAN, LLP
>711 Louisiana Street, Suite 500
>Houston, TX 77002
>Tel: (713) 221-7000
>Fax: (713) 221-7100
>chrisporter@quinnemanuel.com
>
>David M. Graham
>QUINN EMANUEL URQUHART &
>SULLIVAN, LLP
>3100 McKinnon St, Suite 1125
>Dallas, TX 75201
>Tel: (469) 902-3600
>Fax: (469) 849-3610
>davidgraham@quinnemanuel.com

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice of Removal was served via email and U.S. Mail on counsel for Plaintiff/Counterclaim Defendant at the addressed below on August 18, 2023.

> LYNN PINKER HURST & SCHWEGMANN, LLP
> Andrés Correa
> acorrea@lynnllp.com
> 1park@lynnllp.com
> Julie Archuleta
> jarchuleta@lynnllp.com
> Lisa Mewbourn
> lmewbourn@lynnllp.com
> 2100 Ross Avenue, Suite 2700
> Dallas, Texas 75201
> Phone: (214) 981-3800
> Fax: (214) 981-3839

/s/   *David M. Graham*
David M. Graham