UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HF SINCLAIR REFINING & MARKETING LLC (F/K/A HOLLYFRONTIER REFINING & MARKETING LLC), § § § § §<br><br>*Plaintiff,* §<br>§<br>v. §<br>§<br>NEXTERA ENERGY MARKETING, LLC, § § §<br><br>*Defendant.* § | Civil Action No. 3:23-CV-1798-X |

### MEMORANDUM OPINION AND ORDER

Before the Court are six motions for leave to file under seal. The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. Upon review, the Court **FINDS AS MOOT** the motion for leave to file under seal at Doc. 127. The Court further **GRANTS IN PART**, **CONDITIONALLY GRANTS IN PART**, and **DENIES WITHOUT PREJUDICE IN PART** the motions for leave to file under seal at Docs. 132, 136, and 137. The Court **CONDITIONALLY GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** the motions for leave to file under seal at Docs. 138 and 139. The Court **INSTRUCTS** the Clerk to maintain provisional sealing of all documents currently under seal, except the Court's order at Doc. 122, which the Clerk shall unseal. Lastly, the Court **ORDERS** the parties to comply with

1

the instructions contained in this order within seven days of the issuance of this order.

## I. Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential." Now that a party wishes to file some of those documents under seal on the judicial record, a much more strenuous standard kicks in.

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521 (emphasis in original).

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5] If the Court seals information, it must give sufficient reasons to allow for appellate review.[6] Finally, "[p]ublicly available information cannot be sealed."[7]

## II. Legal Analysis

### A. Motion 132

Motion 132 is Sinclair's latest motion for leave to file under seal, which is a replica of the motion filed at Doc. 127. Therefore, the Court **FINDS AS MOOT** the motion at Doc. 127.

The Court has reviewed every proposed redaction and document, conducting a page-by-page, line-by-line analysis. From that analysis the Court **GRANTS IN PART**, **CONDITIONALLY GRANTS IN PART**, and **DENIES WITHOUT PREJUDICE IN PART** the motion for leave to file under seal. (Doc. 132). In short, unless otherwise noted, the Court **GRANTS** the motion to seal because the information contained in the documents is commercially sensitive information or is under copyright, which could harm an important business relationship for Sinclair.

There are only a couple hiccups in the motion to seal that the Court brings to Sinclair's attention.

---

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

First, Sinclair asked to seal Doc. 86-4 at Ex. 5 because it contains a sensitive portion of Lokay's deposition at 204:12-15. But that document does not contain those lines of the deposition. Therefore, the Court **DENIES WITHOUT PREJUDICE** the motion to seal with respect to Doc. 86-4 at Ex. 5.

Second, Sinclair seeks to keep under seal two sets of information: Doc. 89-2 at Exs. 28, 29, 30, 33, 49; Doc. 101-6 at Ex. 10; Doc. 106-4 at Ex. 19; Doc. 106-6 at Exs. 37–38 and Doc. 86-7 at Ex. 15; Doc. 86-8 at Ex. 18; Doc. 86-9 at Ex. 19; Doc. 89-2 at Ex. 35; Doc. 106-3 at Ex. 15; Doc. 106-4 at Ex. 20. These do not appear in redacted form on the docket. Because these are Sinclair records, but appear in NextEra filings, the Court **ORDERS** the parties to confer concerning filing redacted versions and for NextEra to file supplemental public appendices that contain properly redacted[8] versions within seven days of the date of this order. Accordingly, as to this information, the Court **DENIES WITHOUT PREJUDICE** the motion.

Lastly, Sinclair seeks to seal certain portions of different depositions. First, the Lokay Deposition contains several pieces of information that should be sealed. That information is housed at 61:16–62:3, 65:5–16, 68:16–25, 71:22– 72:7, 112:12–19, 119:23–120:1, 178:22–179:7, 204:12-15; 210:6–212:8, 212:25–213:16, 214:2–215:1. Sinclair also seeks to seal information in the Smedley Deposition at 90:19–21, 93:13–

---

[8] By "properly redacted" the Court refers to weighing the public interest against the private interest. The redactions should be enough to protect the sensitive information, but not more than necessary to protect that information such that the public may still exercise its right to view adjudicative documents. When it comes to transcripts, the only information that should be redacted are the specific redactions that the Court has approved in this order.

4

22, 95:19–22, 96:21–98:10, 100:1–100:9[9], 107:22–108:15, 110:21–111:7, 111:19–112:5, 138:3–10, 139:19–22, 140:4–11, 140:21–141:2, 162:13–163:12, 174:4–16, 178:8–179:6, 186:8–188:4; 190:9–12, 190:17–191:1.  Sinclair seeks to seal the Dunbar Deposition at 67:3–8.  Sinclair seeks to seal the Lerman Deposition at 305:1–6, 305:17–23, 310:22–311:1, 311:15–312:2, 312:25–313:7, 315:21–316:3.  The Court finds that each of these excerpts, wherever appearing in the record, shall be sealed considering their commercially sensitive nature.  As a result, the Court **ORDERS** Sinclair and NextEra to publicly file redacted versions of their previous filings consistent with this order within seven days of this order, if they have not already done so.  Therefore, the Court **CONDITIONALLY GRANTS** the motion as to the depositions provided that the parties comply with the above order.

### B. Motions 136, 137, 138, and 139

The Court **GRANTS IN PART**, **CONDITIONALLY GRANTS IN PART**, and **DENIES WITHOUT PREJUDICE IN PART** Docs. 136 and 137.  The Court **CONDITIONALLY GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** the motions at Docs. 138 and 139.

As for Exhibit 36 in Doc. 136, a communication with a non-party, NextEra fails to show why this needs to be under seal.  In litigation, many statements can be made to non-parties.  This simple fact is insufficient to keep a document under seal.  This is the same as Exhibit 39 in NextEra's motion at 137 and the same as Exhibit 7 in

---

[9] It is apparent this should be 100:1-100:8.  Accordingly, the Court approves sealing for 100:1-100:8.

Doc. 138. Therefore, the Court **DENIES WITHOUT PREJUDICE** Docs. 136, 137, and 138 as to those documents. If NextEra wishes to refile justifications for those documents, it may do so within seven days of the date of this order; otherwise, the Court **ORDERS** NextEra to file those documents on the public docket in the appropriate appendices.

As for Exhibits 38 and 39 in Doc. 136 the Court finds that they should remain under seal as they could confer a competitive advantage to others in the industry. These are the same as Exhibits 1 and 2 in NextEra's Motion at 137. The Court **GRANTS** the motions to seal as to those documents.

The Court has reviewed the portions of the depositions NextEra asks to keep under seal and the Court agrees that those portions should remain under seal in Doc. 136: Ex. 6 at 88:3–4, 162:8–22, 164:14–165:9, 218:7–8; Ex. 8 at 211:19–21, 211:24–212:2, 212:7, 212:9–218:16; and Ex. 10 at 167:19–25. These are also referred to in NextEra's motions at 137, 138 and the same analysis applies. This information contains sensitive business contacts with a non-party that could harm NextEra's business if made public. Wherever this information is contained in the record, it shall be maintained under seal. As above, the Court **ORDERS** NextEra to file on the public docket within seven days redacted versions of the appendices wherein these transcripts appear. The Court **CONDITIONALLY GRANTS** the motions at Docs. 136, 137, and 138 provided NextEra complies with the above order.

NextEra has a section in its motions dedicated to Sinclair's information. The Court has already reviewed this information under Sinclair's motion to seal and

therefore treats this information as identical to Sinclair's motion to seal its documents. Because the Court cannot at present assess the adequacy of redactions, the Court **DENIES WITHOUT PREJUDICE** the motions as to Sinclair's information, except the depositions. As above, the Court **ORDERS** the parties to confer concerning filing redacted versions and for NextEra to file supplemental public appendices that contain redacted versions in accordance with the Court's above instructions within seven days of the date of this order.

As to the depositions, the Court **CONDITIONALLY GRANTS** the motions, provided that NextEra redacts the lines identified in the last paragraph of Part A of this order and files redacted versions of its previous filings consistent with this order within seven days of this order.

Finally, if any of NextEra's briefs that are under seal that are not subject to a request to seal, the Court **ORDERS** NextEra to refile those on the public docket in the manner Sinclair did with Doc. 133.

### C. The Court's Previous Order

The Court's previous sealed memorandum at Doc. 122 requested that the parties provide the Court with any redactions needed in that document. The parties did not request any specific redactions to that document. As a result, the Court **INSTRUCTS** the Clerk to unseal the Court's order at Doc. 122.

### IV. Conclusion

The Court **ORDERS** the parties to comply with the Court's instructions contained herein within seven days of this order. Seeking adherence to a page-by-

7

page, line-by-line analysis result in the Court's instructions. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[10]

**IT IS SO ORDERED** this 26th day of February, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] *June Med. Servs.*, 22 F.4th at 521.