UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HF SINCLAIR REFINING & MARKETING LLC (F/K/A HOLLYFRONTIER REFINING & MARKETING LLC), | § § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:23-CV-1798-X |
| v. | § § § | |
| NEXTERA ENERGY MARKETING, LLC, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are four motions for leave to file under seal. The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. Upon review, the Court **FINDS AS MOOT** the motion for leave to file under seal at Doc. 162. The Court further **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** the motion at Doc. 166 and **GRANTS** the motions for leave to file under seal at Docs. 157 and 167. The Court **INSTRUCTS** the Clerk to maintain provisional sealing of all documents currently under seal. Lastly, the Court **ORDERS** the parties to comply with the instructions contained in this order.

1

## I. Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential." Now that a party wishes to file some of those documents under seal on the judicial record, a much more strenuous standard kicks in.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521 (emphasis in original).

2

access against the interests favoring nondisclosure."[5] If the Court seals information, it must give sufficient reasons to allow for appellate review.[6] Finally, "[p]ublicly available information cannot be sealed."[7]

## II. Legal Analysis

### A. Motion 157

Motion 157 is Sinclair's latest motion for leave to file under seal, which is a spinoff of its prior motion to seal at Doc. 132. The Court **GRANTS** the motion to seal the portions of the testimony the Court already determined should be under seal. Additionally, the Court has reviewed NextEra's supplemental public filings to confirm that the redacting was done in accordance with the Court's prior order and it was. However, the Court noticed that the images at Doc. 150 at 174, 192, and 194 did not render properly. The Court **ORDERS** NextEra to file a different version that contains a properly rendered image within seven days.

### B. Motions 162, 166, and 167

The Court **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** Doc. 166, which amends Doc. 162. The Court **FINDS AS MOOT** the motion at Doc. 162. As the Court has previously noted, when filing under seal information the other party marked as confidential, the path forward for the party claiming confidentiality to file justifications as for why that material should remain under

---

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

3

seal.[8]  The parties here have done so.  That is, Sinclair separately filed its justifications for sealing the documents it designated as confidential.  Therefore, the Court **DENIES WITHOUT PREJUDICE** NextEra's motion to seal as it relates to Sinclair's documents and the Court addresses Sinclair's request to seal below.

As for NextEra's brief, the redactions are appropriate and NextEra adequately argues that the information contained therein is commercially sensitive information and is derivative of previously sealed material.  So, the Court **GRANTS** the motion at Doc. 166 as to NextEra's brief.

As for Sinclair's motion at Doc. 167, the Court **GRANTS** the motion because the information contained therein is commercially sensitive and no alternative exists to sealing the unredacted version.  Therefore, within seven days of the date of this order, the Court **ORDERS** NextEra to file a redacted version of its appendix in accordance with Sinclair's requests to seal at Doc. 167.

### III. Conclusion

The Court **ORDERS** the parties to comply with the Court's instructions contained herein.  Seeking adherence to a page-by-page, line-by-line analysis result in the Court's instructions.  Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[9]

---

[8] Doc. 122 at 14.

[9] *June Med. Servs.*, 22 F.4th at 521.

**IT IS SO ORDERED** this 22nd day of August, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE